United States District Court
Southern District of Texas
**ENTERED**
October 03, 2024
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| RODNEY MESQUIAS, <br> "Movant," <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> "Respondent." | § <br> § <br> § <br> §    Civil Action No. 1:23-cv-00125 <br> § <br> § <br> § <br> § |

## <u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 87), Movant's "Objections to Aug. 8, 2024 Magistrate Judge's Report and Recommendation" ("Objections") (Dkt. No. 93), Respondent's "Response to Defendant's Objections to Report and Recommendation" (Dkt. No. 94), and Movant's "Reply to United States' Response to Defendant's Objections to Report and Recommendation" (Dkt. No. 95). The R&R recommends that the Court: (1) deny the claims presented in Movant's "Motion Under 28 U.S.C. § 2255 . . ." (Dkt. No. 1) ("Motion"); (2) direct the Clerk of Court to close this case; and (3) decline to issue a certificate of appealability. Dkt. No. 87 at 1. After reviewing the record and applicable law, the R&R (Dkt. No. 51) is **ADOPTED** for these reasons:

### I. BACKGROUND

To avoid repetition, the Court incorporates by reference the full "Background and Factual Summary" section of the R&R. Dkt. No. 87 at 2–4. A shortened version of the facts is included here.

On October 16, 2018, a grand jury returned a twelve-count superseding indictment against Movant on these offenses: (1) conspiracy to commit health care fraud; (2) health care fraud (six counts); (3) conspiracy to commit money laundering; (4) obstruction of health care investigations; (5) false statement; (6) conspiracy to obstruct justice; and (7) conspiracy to pay and receive kickbacks. *See United States v. Mesquias, et al.*, 1:18-cr-008-1, Dkt. No. 126.[1] On November 6, 2019, a jury returned a guilty verdict on all twelve counts, and the Court sentenced Movant to 240 months' imprisonment on December 30, 2020. CR Dkt. Nos. 369, 519. Movant's conviction and

---

[1] Docket entries from Movant's criminal case will be referred to with the designation "CR Dkt. No."

1

sentence were later affirmed on appeal by the Fifth Circuit. CR Dkt. No. 608; *see United States v. Mesquias*, 29 F.4th 276, 283 (5th Cir. 2022).

Attorney Ruben Pena represented Movant for about 40 days during his criminal case. Dkt. No. 82 at 3542. Attorneys Charles Banker ("Banker"), Tony Canales, and Hector Canales represented Movant at trial. Dkt. Nos. 82, 85. Tony Canales and Hector Canales also represented Movant at sentencing and on appeal. CR Dkt. Nos. 484, 515, 541, Dkt. Min. Entry Dec. 16, 2020. Movant now alleges his counsel was ineffective in: (1) failing to inform him of the consequences of proceeding to trial; (2) failing to conduct an adequate pretrial investigation; (3) failing to negotiate a favorable plea agreement; (4) failing to investigate and call witnesses; (5) failing to properly cross-examine witnesses; (6) failing to argue the Government did not prove the intent necessary to commit a health care fraud offense; (7) failing to object before and during the sentencing hearing; and (8) failing to raise stronger issues on appeal. Dkt. Nos. 1, 2, 23, 24. The magistrate judge held an evidentiary hearing on Movant's claim of ineffective assistance of counsel during plea negotiations. Dkt. No. 87 at 4.

The R&R recommends dismissal of all eight claims. Dkt. No. 87 at 16. Movant objects to the recommendation that the Court dismiss these claims: (1) failure to conduct an adequate pretrial investigation; (2) failure to negotiate a favorable plea agreement; and (3) failure to argue the Government did not prove the intent necessary to commit a health care fraud offense. Dkt. No. 93 at 2–10. Movant further objects to the recommendation that the Court decline to issue a certificate of appealability. *Id.* at 10.

## II. LEGAL STANDARD

If a party objects to a magistrate's rulings, the district court will review de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A prisoner may move to vacate, set aside, or correct his sentence upon four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citing 28 U.S.C. § 2255).

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

"The Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Missouri v. Frye*, 566 U.S. 134, 140, 132 S. Ct. 1399,

1405 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 173 L. Ed. 2d 955 (2009)) (internal quotations omitted). A two-part inquiry governs the determination of whether a criminal defendant has been denied effective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must prove his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687–88. A court's analysis must be "highly deferential" in order "to eliminate the distorting effects of hindsight" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" where "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### B. CERTIFICATE OF APPEALABILITY

Rule 11 of the "Rules Governing Section 2255 Proceedings" provides that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may only issue if the "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing when claims have been dismissed on procedural grounds, a petitioner must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). District courts may decline to issue certificates of appealability sua sponte without further briefing and argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

### III.  DISCUSSION

Movant's argument that the R&R incorrectly focuses on the work performed by attorneys Hector Canales and Tony Canales and not the deficiencies of Banker's work miss the broader picture. The ineffective assistance of counsel analysis does not instruct that the Court assess the deficiencies of counsel's representation and then decide whether those deficiencies were later

3

cured. The analysis instead focuses on whether the counsel provided was sufficient to satisfy Movant's Sixth Amendment rights.

In concluding Movant was not denied the effective assistance of counsel, the magistrate judge properly assessed the counsel provided and determined that such counsel was enough to satisfy Movant's Sixth Amendment rights. Movant frames his argument incorrectly by focusing on the flaws in Banker's representation while only conclusorily asserting that it "was not cured by the work later performed by attorneys Hector Canales and Tony Canales." Dkt. No. 93 at 8. Movant does not address the work performed by attorneys Hector Canales and Tony Canales and thus fails to contradict the magistrate judge's conclusion that their work was sufficient.

### A. Pretrial Investigation

Movant objects to the R&R because it "fails to state that . . . Banker did very little work from January 2018 to July 2019" and because trial counsel's representation did not cure the deficiency of Banker's representation. Dkt. No. 93 at 7. Yet this statement does not materially dispute the adequacy of the representation Movant eventually received. The R&R points to the filing of discovery motions such as *Brady* motions, *Giglio* motions, *Jencks* motions, motions to exclude testimony and evidence, and motions in limine as evidence that trial counsel did conduct pretrial investigation and had sufficient information to advocate on Movant's behalf. *See* Dkt. No. 87 at 7–8; *see* CR Dkt. Nos. 101, 102, 105, 106, 197, 207, 259, 266, 278, 282, 338, 349, 350.

Nowhere in Movant's Objections does he argue this effort was insufficient. Nor does Movant allege specific evidence counsel should have investigated, or motions counsel should have filed to arrive at a different outcome at trial. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) ("An applicant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.") (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)) (internal quotes omitted). Movant has thus not shown he is entitled to relief based on inadequate pretrial investigation.

### B. Negotiation of a Favorable Plea Agreement

"There is no constitutional right to be offered a plea agreement." *Limon-Guevara v. United States*, No. 3:15-CV-654-D, 2017 U.S. Dist. LEXIS 60985, at *10 (N.D. Tex. Feb. 6, 2017) (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). To prove prejudice arose from not being offered a plea agreement, a movant must prove "the State would have offered a plea bargain . . . if [counsel]

4

had pursued one." *See United States v. Johnson*, No. 4:14-CV-196, 2014 U.S. Dist. LEXIS 66431, 2014 WL 1930220, at *4 (N.D. Tex. May 14, 2014) (citing *Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir.2004).

Movant does not show that effort from counsel would have produced a plea offer where the record is clear that the Government in his criminal case made no offer and did not show interest in having Movant testify as a cooperating witness. Dkt. No. 87 at 8–9; Dkt. No. 82 at 21, 28, 32, 41; Dkt. No. 85 at 10. Further, Movant does not prove he would have pleaded guilty, especially as he insisted on his innocence and told counsel he did not want to plead guilty. Dkt. No. 87 at 9; Dkt. No. 82 at 20, 28, 42; Dkt. No. 85 at 10; *see United States v. Armstrong*, No. 2:10-CR-648, 2013 U.S. Dist. LEXIS 146533, at *28-29 (S.D. Tex. Oct. 10, 2013) (movant not entitled to relief on ineffective assistance of counsel claim where record did not show what plea discussions took place and movant did not allege he would have accepted a plea offer). Movant has thus not shown he is entitled to relief based on failure to negotiate a favorable plea agreement.

### C. FAILURE TO ARGUE INTENT

The Court agrees with the magistrate judge's interpretation of the law. The Supreme Court in *Ruan v. United States* made clear that it was addressing the mens rea element of statutes Movant was not charged with violating. *See* 597 U.S. 450, 454 (2022) ("The question before us concerns the state of mind that the Government must prove to convict these doctors of violating the statute.") (referring to 21 U.S.C. § 841 and 21 C.F.R. §1306.04(a)). Movant thus cannot not show his counsel erred by not demanding a jury instruction based on *Ruan*.

The Court further agrees that Movant has not shown prejudice even if *Ruan* applied because there existed strong evidence at trial of Movant's intent and his intimate involvement with the fraudulent scheme. Dkt. No. 87 at 13; CR Dkt. No. 363 at 60–61, 79–80; CR Dkt. No. 357 at 210; CR Dkt. No. 358 at 73, 240–241; CR Dkt. No. 359 at 19–27.

### D. CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right.

### IV. CONCLUSION

For these reasons, after de novo review, the Court **ADOPTS** the R&R (Dkt. No. 87). Movant's Objections (Dkt. No. 93) are **OVERRULED**. The claims in Movant's Motion (Dkt. No. 1) are **DISMISSED**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this __3rd__ day of __October__, 2024.

_____
Rolando Olvera
United States District Judge